*E-Filed 11/16/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PORFIRIO MEDINA, | No. C 12-3767 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| THOMAS D. ALLMAN, MENDOCINO COUNTY, and DOES 1–100; | |
| Defendants. | |

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a). Plaintiff's motion to proceed *in forma pauperis* (Docket Nos. 2 & 4) is GRANTED.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff, who is being civilly detained under California's Sexually Violent Predator Act, alleges that defendants violated his (1) due process, (2) equal protection, (3) Eighth Amendment, and (4) First Amendment rights. Plaintiff's complaint, however, fails to provide sufficient details, such as the specific names of defendants, their specific actions, and the dates and places where the alleged violations occurred. It is not sufficient to name only Mendocino County and the supervising sheriff as defendants.

**Accordingly, the complaint is DISMISSED with leave to file an amended complaint within 30 days from the date of this order.** The amended complaint must include the caption and civil case number used in this order (12-3767 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint

*completely* replaces the previous complaints, plaintiff must include in his first amended complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the first amended complaint will be deemed waived. Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). The Clerk shall terminate Docket Nos. 2 and 4.

**IT IS SO ORDERED**.

DATED: November 16, 2012

RICHARD SEEBORG
United States District Judge