*E-Filed 4/25/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PORFIRIO MEDINA, | No. C 12-3767 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| THOMAS D. ALLMAN, MENDOCINO COUNTY, and DOES 1–100; | |
| Defendants. | |

# INTRODUCTION

The original complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915A(a).

# DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff, who is being civilly detained under California's Sexually Violent Predator Act, alleges that defendants, employees of Mendocino County Main jail, violated his constitutional rights. The original complaint was dismissed because the claims were conclusory and undetailed.

His amended complaint is similarly deficient. First, his complaint does not contain sufficient factual matter to state claims for relief. Many necessary details are lacking, such as names of specific defendants, the dates of the alleged violations, what actions a specific defendant took on such date, etc. Second, plaintiff provides pages of factual allegations, and then lists conclusory claims without direct citation to specific facts. It is plaintiff's, not the Court's, duty to allege specific facts which, if true, show how a specific constitutional right

was violated.  It is not the Court's duty to decide which facts in plaintiff's narrative match which claims.  Such task would be inappropriate, and amount to guesswork.

Accordingly, this action is DISMISSED without prejudice.  Any motion to reopen the action must contain an amended complaint that corrects the deficiencies discussed in this order.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: April 25, 2013

_____
RICHARD SEEBORG
United States District Judge