*E-Filed 11/19/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PORFIRIO MEDINA,

        Plaintiff,

   v.

THOMAS D. ALLMAN, MENDOCINO COUNTY, and DOES 1–100;

        Defendants.

No. C 12-3767 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a civil detainee. The original complaint was dismissed with leave to amend. Plaintiff's first amended complaint failed to correct the deficiencies of the first. Consequently, the action was dismissed and judgment was entered in favor of defendants in March 2013.

In May 2014, plaintiff filed a second amended complaint. In response, the Court reopened the action, and vacated the judgment and the order of dismissal. The Court now reviews the second amended complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

*See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff, who is being civilly detained at Coalinga State Hospital under California's Sexually Violent Predator Act, alleges that while he was in the custody of the Mendocino County Sheriff for 17 days (1) he was deprived of food for nearly 24 hours by unnamed defendants who ignored his requests, owing to Sheriff Allman's failure to train and supervise his employees; (2) Allman, in violation of state law, falsely booked him; (3) Deputy Zaied, a Doe defendant, and Allman failed to allow him to telephone his attorney on two occasions; (4) Deputy Zaied failed to give him a rulebook of the institution, in violation of state law; (5) his detention in an isolation cell rather than in administrative segregation violated state law; (6) defendants refused to clean his blood-stained cell and also refused plaintiff

No. C 12-3767 RS (PR)
ORDER DISMISSING COMPLAINT
2

protective gear to use when he cleaned his cell; (7) the conditions of his confinement in an isolation cell violated his right to privacy; (8) he was denied medical care; (9) he was denied treatment for his diagnosed mental disorder; (10) he was denied exercise from April 26, 2012 to May 12, 2012.

Claim 1 is DISMISSED without leave to amend.  A civil detainee is entitled to conditions of confinement that are not punitive.  *Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir. 2004.  "[A] restriction is punitive where it is intended to punish, or where it is excessive in relation to [its non-punitive] purpose . . . or is employed to achieve objectives that could be accomplished in so many alternative and less harsh methods."  *Id.* (internal quotation marks and citations omitted).  Plaintiff's allegations regarding a single instance of deprivation of food for less than 24 hours fail to meet the punitive standard.  The circumstances constitute at worst negligence or gross negligence, neither of which is actionable under § 1983, either within or without the prison context.  *See Farmer v. Brennan*, 511 U.S. 825, 835–36 & n.4 (1994); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).  The allegations also fail as pleadings.  He does not name any specific person directly responsible — only two Doe defendants and Allman as a supervisory defendant.

In nearly all his claims, plaintiff asserts that Allman is liable as supervisor.  This is not sufficient to state claims against him.  There is no respondeat superior liability under § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Id.*  Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948–52 (2009).  If plaintiff wishes to allege liability against Allman based on supervisory liability, he must allege facts sufficient to meet these stringent standards.

Claims 2, 4, and 5 are DISMISSED without leave to amend. They allege violations of rights created by state law and therefore are not cognizable under § 1983, which provides a cause of action only when state actors have violated rights secured by the Constitution or laws of the United States.

Claim 3 is DISMISSED with leave to amend. The right of access to the courts is guaranteed to people who are civilly committed. *See Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995). Mere denial of access is not sufficient to state a claim, however. A plaintiff must demonstrate that the denial caused him an actual injury by hindering his efforts to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996). Here, plaintiff has provided no details about what legal action he was pursuing, a deficiency he must correct if this claim is to survive the pleading stage.

Claims 6 is DISMISSED with leave to amend. Plaintiff names a Doe defendant as the person responsible for refusing to clean his cell or provide protective gear. He must provide the specific name of the defendant in his amended complaint in order for this claim to survive.

Claim 7, his privacy claim, is also DISMISSED with leave to amend. Plaintiff must name the specific persons responsible for his confinement, rather than listing Doe defendants and Allman as supervisory defendant.

Claim 8, his medical care claim, is DISMISSED with leave to amend. In his amended complaint, he must allege facts that his cracked and bleeding feet presented a sufficiently serious medical condition that medical treatment was warranted.

Claim 9, his mental treatment claim, is DISMISSED with leave to amend. In his amended complaint, he must allege specific facts regarding what his mental condition is, that his condition was serious and deserving of treatment, what treatment he should have received, and name specific defendants who are responsible for the denial of treatment.

Claim 10, his exercise claim, is DISMISSED with leave to amend. In his amended complaint, plaintiff must name the specific persons responsible for the denial of exercise, and

**United States District Court**
For the Northern District of California

what times he requested (or was entitled to) exercise and was denied.

Claims 3 and 6–10 are not related to each other by fact or law and therefore must be pursued in separate civil rights actions. *See* Fed. R. Civ. P. 19 & 20. In his amended complaint, plaintiff must chose **one** of these claims to pursue in this action. If he wishes to pursue the other claims, he must file separate civil rights actions.

**Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before December 20, 2014.** The amended complaint must include the caption and civil case number used in this order (12-3767 RS (PR)) and the words THIRD AMENDED COMPLAINT on the first page. Because an amended complaint *completely* replaces the previous complaints, plaintiff must include in his amended complaint *all* the claims he wishes to present and *all* of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: November 19, 2014

_____
RICHARD SEEBORG
United States District Judge