Porfirio A. Medina, CO No. 597-5
Post Office Box 5003
24511 West Jayne Avenue
Coalinga, California 93210-5003
559.935.1698

**In Pro Per / In Pro Se**

FILED

FEB 23 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

PORFIRIO A. MEDINA,

    Plaintiff,

vs.

MENDOCINO COUNTY; THOMAS D. ALLMAN, Sheriff of Mendocino County, in his individual and official capacity;

    Defendants

Case No. 12-3767 RS (PR)

**THIRD AMENDED COMPLAINT**

**CIVIL RIGHTS COMPLAINT FOR COMPENSATORY, DECLARATORY, AND INJUNCTIVE RELIEF AND MONETARY DAMAGES PURSUANT TO 42 U.S.C. § 1983**

**JURY TRIAL DEMAND**

I.

## JURISDICTION

1. This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3).

II.

## VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Because all Defendants are public officials who reside and perform official duties in California, this Court has personal jurisdiction over all Defendants. Plaintiff seeks declaratory relief pursuant to Title 28, U.S. Code §§2201 and 2202. Plaintiff's claims for injunctive relief are authorized by Title 28,

U.S. Code, §§ 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure. The Court has supplemental jurisdiction over plaintiff's State Law claims under 28, U.S. Code § 1367.

## III.

## PREVIOUS LAWSUITS

3. None.

## IV.

## PARTIES

4. Plaintiff Porfirio A. Medina is a civil detainee in the care and custody of the California Department of State Hospitals[1](hereafter, "DSH"), housed at Coalinga State Hospital (hereafter, "CSH"), for treatment pursuant to a Superior Court Order under Welfare & Institutions Code (hereafter, "WIC") § 6600 et seq. CSH is located at 24511 West Jayne Avenue, Coalinga, California 93210.

5. Defendant THOMAS D. ALLMAN, (hereafter, "ALLMAN"), was for all such time relevant to this complaint, the Sheriff of Mendocino County, actual time in this position to be determined through Discovery.

6. Defendant ALLMAN as Sheriff pursuant to state statue was the sole and exclusive authority to oversee and operate the various Mendocino County Jails and the prisoners in them and was responsible for the administration, operation, training and supervision of the Mendocino County Sheriff's Department, (hereafter, "MCSD"), its Custodial personnel, contractors and representatives. Defendant ALLMAN is sued in his individual and official capacities, see California Penal Code § 4000 et seq; California Government Code §§ 26605 and 26610.

## V.

## NATURE OF THIS ACTION

7. Defendants have failed to comply with the material provisions of the Sexually Violent Predator Act, (hereafter, SVPA), various other applicable provisions of the California Welfare & Institutions Code, and the Constitutions and laws of the United States of America and the State

---

[1]. For consistency, all references to the California Department of State Hospitals in this Complaint include its former entity, the California Department of Mental Health

Third Amended Complaint

[ 2 ]

of California, to the detriment of plaintiff who is confined pursuant to the SVPA. Defendant(s) have acted with knowing, reckless, and callous disregard of the constitutional rights of the plaintiff, whose custody is under the DSH pursuant to the SVPA. Defendant's policies, practices, and customs result in, among other things, conditions of confinement that is punitive in nature and effect, which violate the rights of plaintiff.[2]

## VI.

## PRELIMINARY STATEMENT

8. Plaintiff is an individual who is involuntarily civilly detained as a purely "civil detainee" in the DSH. This is also acknowledged by the administration at MCCF, by DSH, at CSH, pursuant to Section 6600 et seq (specifically § 6602 of the WIC. Plaintiff's trial pursuant to WIC must take place in the county of commitment.

9. Plaintiff, as a purely "Civil Detainee" alleges that his confinement in the MCCF, and the county jail policies, practices, and customs, violated plaintiff's civil rights, in that the broad range of conditions and practices intimately affect almost every facet of his constitutionally mandated treatment. Plaintiff seeks redress in the court in the form of punitive and compensatory damages.

10. County jails have gained a well deserved reputation as a place which, by design and architectural planning, disregards the modern psychiatric concept of the therapeutic community and imposes conditions far harsher than those mandated by State or Federal Law, and both the United States and California Constitutions. Plaintiff alleges that he was forcibly subjected to unsafe and overly restrictive conditions of confinement, treated as or worse than penal detainees, was restricted from freedom of movement and association, restricted from confidential phone calls and mail (both legal and personal), was forced to endure unreasonable strip searches.

//
//
//

---

[2] Plaintiff attempted every available option to convince the MCCF administration to develop, implement, and maintain a standard of living conductive to the rights of civil detainees.

VI.

FACTS

11. Defendant ALLMAN, shall take charge of and be the sole and exclusive authority to keep the county jail and the prisoners in it.

12. Upon information and belief,[3] Defendant ALLMAN ordered employees to be aware of and adhere to the policies and regulations with the Sheriffs Department.

13. Upon information and belief, Defendant ALLMAN directed all Custodial personnel to observe policies and laws pertaining to custodial facilities.

14. On April 26, 2012, plaintiff, was transferred into the care and custody of Defendant Sheriff ALLMAN.

15. Upon information and belief, the transfer was pursuant to a Mendocino County Superior Court order directing the Sheriff <u>or his designated staff</u> to take plaintiff into his custody for the purpose of a hearing pursuant to WIC § 6600 et seq.[4]

16. Upon information and belief, between April 26, 2012 and May 12, 2012, Defendant ALLMAN's policies did not include policies for the treatment and care of individuals detained awaiting civil commitment proceedings.

17. Upon information and belief, Custodial personnel are directed to follow the Sheriff's policy of the jail.

18. Upon information and belief, custodial personnel must follow some policy and the only policy in place is for the custody and care of criminal inmates.

---

[3] Plaintiff in his complaint, has included with factual allegations the phrase "Upon information and belief" that he believes to be true. He believes that he will be able to find evidence in support of a fact "after a reasonable opportunity for further investigation and discovery," particularly facts in the defendants' control.

[4] Plaintiff was not under arrest as a suspect of a crime, was not being transported as a criminal but was placed into the constructive custody of Defendant ALLMAN for the purpose of a civil hearing.
Specifically, Defendant Sheriff ALLMAN was directed by Court Order to transport plaintiff to MCCF and see that he was present in court. However, it was the acts or omissions by ALLMAN and by extension Mendocino County while plaintiff was in Defendant ALLMAN's care and custody, which violated plaintiff's rights pursuant to state, federal, and Constitutional law, exceeded and went beyond the court's order to produce.

19. Upon information and belief, Plaintiff was classified pursuant to policies set forth by Defendant ALLMAN.

20. Upon information and belief, Custodial personnel, acting under color of law and pursuant to Defendant ALLMAN's policy, or custom, housed plaintiff in an Isolation cell known as 'ISO' from April 26, 2012 to May 12, 2012.[5]

21. Upon information and belief, plaintiffs placement in "ISO" instead of administrative segregation, caused plaintiff to be subject to more restrictive conditions of confinement than he would have experienced if housed in administrative segregation. Between April 26, 2012 to May 12, 2012 he was subject to 1) 24 hour illumination of his cell; 2) 24 hour observation via overhead cameras and large windows by custodial personnel, nursing staff and prisoners, in addition

22. Upon information and belief, Defendant ALLMAN and by extension the County, between April 26, 2012 to May 12, 2012 violated plaintiff's civil rights as a Civil Detainee, by denying plaintiff the following non-deniable rights he retains as a SVPA detainee, including, but not limited to: The right to privacy; dignity; respect; humane care; mandated treatment services for plaintiff's "alleged" mental disorder; be free from harm including abuse or neglect, and unnecessary or excessive restraint, seclusion, or protective or administrative isolation; be informed of the procedures for filing complaints and the process for appeals; access the services of a Patients' Right Advocate; physical exercise and recreational activities; keep and use personal possessions; access telephones to make and receive confidential telephone calls; social interaction of leisure time activity groups that promote education, social, cultural and recreation interests; be free from punitive and inhumane conditions of confinement, including hours and days of continuous cell lock-down. Defendant ALLMAN, and by extension County have acted under color of law and with deliberate indifference to the rights of plaintiff.

//

---

[5] The 24 hour observation isolation cell is used for prisoners that want to harm themselves, are suicide risks, or have contagious diseases.

## IX. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Violations of the Fourteenth Amendment of the United States Constitution and Federal Statutory and case law)**

23. Plaintiff re-alleges and incorporates by reference each allegation of paragraphs 1 through 22, inclusive, as if alleged herein. Defendants' policies, practices, and customs as alleged above confined plaintiff in conditions identical to, similar to, and more restrictive than, those in which his criminal counterparts were held.

24. Defendants had personal knowledge of, and/or participated in the acts or omissions complained of herein.

### SECOND CAUSE OF ACTION

**(Violations of the Fourteenth Amendment of the United States Constitution and Federal Statutory and case law)**

25. Plaintiff re-alleges and incorporates by reference each allegation of paragraphs 1 through 24, inclusive, as if alleged herein.

26. Defendant ALLMAN's policies, practices, and customs have subjected to, or have caused plaintiff to be subjected to, and will subject plaintiff to, detainment under conditions more restrictive than those plaintiff would face following SVPA commitment.

27. The aforementioned denies plaintiff his rights and protections as secured by the Due Process Clause of the Fourteenth Amendment to the Constitution of the Unites States of America.

//
//
//
//
//
//
//

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against defendants on all alleged claims, as follows

1. **Compensatory monetary damages** for the conditions of detention infringing on the rights of and injuring plaintiff, in the amount of Fifty Thousand dollars ($50,000);

2. **Punitive monetary damages** for the flagrant and intentional denial of plaintiff's Constitutional and civil rights in the amount of Sixty Thousand dollars ($60,000);

3. **Declaratory and injunctive relief** requiring defendants to establish and enforce policies and practices that respect and guarantee the civil rights of plaintiff, including, *but not limited to*, the following:

   a) *Injunctive relief* requiring the Sheriff, and by extension the County follow existing California Penal Code § 4001. Separation of different classes of prisoners; rooms required, and create policies for custodial facilities pursuant to Penal Code § 4001 for individuals awaiting SVPA adjudication.

   b) *Injunctive relief* requiring the Sheriff, and by extension the County follow existing California Penal Code § 4002. Classes of prisoners not to be kept in same room; administrative segregation of inmates held pending civil process under sexually violent predator; exceptions; programs for male and female prisoners, and create policies for custodial facilities pursuant to Penal Code § 4002 for individuals awaiting SVPA adjudication.;

   c) *Injunctive relief* requiring Defendants to give individuals under civil--rather than criminal process "more considerate treatment" and create custodial facility policy (Jones v. Blanas 393 F.3d 918 (9th Cir. 2004);

   d) *Injunctive relief* requiring Defendants treat individuals awaiting SVPA adjudication under conditions similar to those the individual would face following SVPA commitment and create custodial facility policy (Jones v. Blanas 393 F.3d 918 (9th Cir. 2004);

   e) *Injunctive relief* requiring Defendants to respect and guarantee the rights and protections afforded to sick persons detained for mental health purposes, care and treatment—

regardless of his amenability to treatment—as well as the right to see and have the services of a Patient's Rights Advocate when requested, and the right to have accurate, complete, relevant and timely responses to submitted grievances;

f) *Injunctive relief* requiring defendants to allow plaintiff and all civil detainees held pursuant to Welfare and Institutions Code series 6600 to bring with them their personal property;

g) *Injunctive relief* requiring defendants to supply civil detainees cleaning supplies for their housing upon request;

h) *Injunctive relief* requiring defendants to supply plaintiff with toiletries upon request;

i) *Injunctive relief* requiring defendants to cease isolating plaintiff and other similarly situated civil detainees in their cell;

j) *Injunctive relief* requiring defendants to allow plaintiff and other similarly situated civil detainees access to the dayroom, outdoor recreation, gym, in door recreation, showers, and shaves as is the same as for Coalinga State Hospital;

k) *Injunctive relief* requiring defendants to provide daily news papers to plaintiff, books, and magazines;

l) *Injunctive relief* allowing plaintiff daily access to the library and law library;

4. Appointment of counsel and reasonable attorney fees pursuant to 42 U.S.C. §§ 1915(e)(1) and 1988(b), in an amount which this Court deems just, equitable, and proper;

5. Permanent Injunction or a Restraining Order to prevent the County from transporting or placing Plaintiff again in the any Mendocino jail facility unless the foregoing injunctive relief is met where plaintiff or other similarly situated civil detainee are detained under conditions the individual would face following SVPA commitment, "as *there* [is] *a reasonable expectation that the same complaining party* [will] *be subjected to the same action again.*" Spencer v. Kemna (1998) 523 U. S. 1, 17 (emphasis added).

6. Any such other relief that this Court deems necessary and proper in the best interests and the furtherance of justice.

1 | Plaintiff, Porfirio A. Medina, prays for the above relief and all other relief the Court may
2 | deem necessary and appropriate.

3 | **VERIFICATION**

4 | I, Porfirio A. Medina, have read the entirety of this complaint. I declare under penalty of
5 | perjury of the laws of the United States and California that the foregoing is true and correct to the
6 | best of my knowledge, except for those matters stated on information and belief, as to those
7 | matters, I believe them to be true and correct. Executed this Nineteenth day of February 19,
8 | 2015 at Coalinga State Hospital, County of Fresno and State of California.

9 | Dated: February 19, 2015

10 | _____
Porfirio A. Medina, Plaintiff, In Pro Per / In Pro Se

11 | End.

## PROOF OF SERVICE
## BY UNITED STATES MAIL

I declare that I am resident of Coalinga State Hospital, City of Coalinga, County of Fresno, State of California, I am over the age of eighteen years and I am a party to the within entitled action. My residence address is:

Porfirio A. Medina, CO No. 597-5
Post Office Box 5003
24511 West Jayne Avenue
Coalinga, California 93210-5003

On the date noted below, I served the attached documents:

1. THIRD AMENDED COMPLAINT

Service was effected by making a Mail Out appointment on Wednesday, February 18, 2015 via the assigned Unit-6 Staff), and taking the original copy of the document(s) to the Mailroom/Copy Center located at CH-130 MAILBOXES where Mail Outs of letters, flats, and parcels are processed by the Mail Out staff. The document(s) were enclosed in a parcel, with adequate postage fully prepaid and addressed as follows:

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OFFICE OF THE CLERK 450 Golden Gate Avenue P.O. Box 36060 San Francisco, California 94102 Attn: Clerk of the Court | INTENTIONALLY LEFT BLANK |
|---|---|

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct and was executed in Coalinga State Hospital, City of Coalinga, County of Fresno, State of California, on February 19, 2015.

*Porfirio A. Medina* In Pro Per / In Pro Se

**DECLARATION OF PORFIRIO A. MEDINA**

I, Porfirio A. Medina, based on my own personal knowledge, declare as follows:

1. I have personal knowledge of the matters set forth herein and, if called upon to testify as to these matters, I could and would do so competently thereon;

2. I am a civil detainee held pursuant to Welfare and Institutions section 6604;

3. I have no criminal holds, warrants or detainers lodged against me in any court;

4. I am currently held by the California Department of Mental Health, housed at Coalinga State Hospital;

5. I was incarcerated at the Mendocino County Correctional Facility from April 26, 2012 to May 12, 2012;

6. I was placed into an isolation cell, known as 'ISO' from April 26, 2012 to May 12, 2012, which from my personal knowledge is normally reserved for prisoners that are suicide risks, want to harm themselves, or have contagious diseases.

7. I was not placed in administrative segregation, where from my personal experience, the conditions of confinement are less restrictive than 'ISO'.

8. From April 26, 2012 to May 12, 2012 I personally experienced conditions of confinement that were more restrictive than I would have experienced in administrative segregation. In 'ISO' the lights were kept on 24 hours a day; I could be viewed by both custodial staff and prisoners do to cameras and large observation windows not found in administrative segregation. In

addition I was not permitted television in 'ISO' as administrative segregation prisoners have. Recreation/exercise were non-existent in 'ISO' and access to showers, telephones were limited.

9. The conditions of confinement I personally experienced while in the custody of the Sheriff between April 26, 2012 and May 12, 2012 were more restrictive than I faced at Coalinga State Hospital.

That if called upon to testify about the issues addressed herein I can and would do so competently.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of February, 2015 at Coalinga State Hospital, Fresno County, California.

_____
Porfirio A. Medina, Declarant

-2-

Porfirio A. Medina, CDCR# K-31173
P.O. Box - 5003
24511 West Jayne Avenue
Coalinga, California 93210-5003

Legal Mail

RECEIVED
2015 FEB 23 AM 2:46
RICHARD W. [WIEKING]
CLERK U.S. DISTRICT [COURT]
NORTHERN DISTRICT OF [CALIFORNIA]

INSPECTED BY
FEB 24 2015

U.S. MARSHALS SERVICE



United States District Court
Northern District of California
Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102
Attn.: Clerk of the Court





neopost
045J83207984
02/19/2015
Mailed From 93210
$2.24⁰
US POSTAGE