*E-Filed 7/23/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PORFIRIO MEDINA, | No. C 12-3767 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| THOMAS D. ALLMAN, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's third amended complaint is before the Court for review under 28 U.S.C. § 1915A(a). For the reasons stated herein, the complaint and the action are DISMISSED.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that while he was in the custody of the Mendocino County Sheriff, Thomas Allman, for 17 days in 2011, his jailors violated his constitutional rights. His original complaint was dismissed with leave to amend because its allegations were conclusory. Specifically, plaintiff failed to "provide sufficient details, such as the specific names of defendants, their specific actions, and the dates and places where the alleged violations occurred." (Docket No. 5 at 2.) The Court also told him that it was "not sufficient to name only Mendocino County and the supervising sheriff as defendants." (*Id.*) Plaintiff filed a first amended complaint. The Court dismissed the filing and entered judgment in favor of defendants because the amended complaint failed to correct the deficiencies of the first. (Docket Nos. 7 and 8.) Plaintiff filed a second amended complaint roughly a year later,

and the Court reopened the action.  The new complaint was dismissed with leave to amend because plaintiff failed to state claims for relief and again named Allman as a defendant based on his role as supervisor.  (Docket No. 13.)  Plaintiff then filed his third amended complaint, which is presently before the Court for review.

The complaint is DISMISSED and the action will be closed.  Contrary to the Court's repeated instructions and warnings, plaintiff names Allman as defendant based on his role as supervisor.  This is not sufficient to state a claim for relief.  There is no respondeat superior liability under § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Id.*  Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong.  *Iqbal*, 129 S. Ct. at 1948–52.  Plaintiff's allegations fail to meet these standards.

Also, the amended complaint fails to provide the names of other defendants.  Rather, he alleges that Allman and those under his employ violated his rights.  This is not sufficient to survive initial screening.  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978)).  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  *Id.*  Plaintiff's allegations do not meet these standards, and therefore do not state claims for relief.  He fails to provide specific details as to the actions of each defendant and how each defendant violated his constitutional rights.

**CONCLUSION**

Plaintiff has failed to file a proper complaint, even though he has been given several opportunities to do so. Accordingly, the action is DISMISSED. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: July 23, 2015

RICHARD SEEBORG
United States District Judge